# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GRINDLEY WILLIAMS, PLLC, a Florida limited liability company

    Plaintiff,

v.                                           Case No. 8:22-cv-2050

EMILIE PLANTS, an individual, BARBARA STACEY PLANTS, an individual

    Defendants.

_____/

## COMPLAINT FOR INTERPLEADER

Plaintiff Grindley Williams, PLLC (hereinafter "Grindley Williams," "Grindley Williams Engineering," or "GWE"), for its Complaint for Interpleader under Rule 22 of the Federal Rules of Civil Procedure ("Complaint"), states and alleges as follows:

### PARTIES

1.    Grindley Williams Engineering is a limited liability company providing Florida licensed professional services with its registered place of business at 116 South Tennessee Avenue, Suite 201, Lakeland, Florida 33801. Grindley Williams operates as a consulting firm, specializing in forensic, structural, and geotechnical engineering, as well as mechanical/electrical/plumbing and fire protection design engineering. With respect to the dispute at issue, Grindley Williams is a disinterested stakeholder and seeks the Court's assistance in resolving ownership rights of rival claimants to the same asset.

2. Defendant Emilie Plants ("X") is a resident of Florida and is Alan C. Plants' ("Decedent") former wife whom he was divorced from at the time of his death. She resides at 5289 Hidden Oaks Dr., Lakeland, Florida 33811.

3. Defendant Barbara Stacey Plants ("Y") is a resident of Florida and is Decedent's wife he was married to at the time of his death.

4. On information and belief, David I. Grindley and Jonathan H. Williams, members and trustees who signed and caused the Trust to be executed, are both residents of Florida.

5. X is represented by Mark A. Sessums, Sessums Law Group in Lakeland. Y is represented by L. Caleb Wilson at Craig A. Munday, P.A. in Lakeland.

## JURISDICTION AND VENUE

6. The United States District Court has jurisdiction over the subject matter of this action pursuant to Fed. R. Civ. Proc. 22 and 28 U.S.C. 1331 because of federal question jurisdiction arising from ERISA.

7. Venue is proper in the United States District Court for the Middle District of Florida under 28 U.S.C. 1391 because X and Y are residents of the Middle District of Florida and because a substantial part of the events giving rise to the claim set forth herein occurred in this district.

8. The United States District Court for the Middle District of Florida has or will have personal jurisdiction over all Defendants because each Defendant has sufficient minimum contact with this district.

## FACTUAL BACKGROUND

9. Decedent was a former employee of Grindley Williams who was a participant in the 401(k) Qualified Retirement Plan (the "Plan") provided through the company for eligible

employees.  All matters relating to the Plan are explained in the Summary Plan Description for the Plan.

10. The Plan (formerly known as MCD of Central Florida, Inc. 401(k) Plan) was initially established on January 1, 2016, and was amended and restated effective January 1, 2022 through the Non-Standardized Pre-Approved Profit Sharing Plan sponsored by CCH Incorporated, DBA ftwilliam.com, in association with the Pension Company and accepted by the Internal Revenue Service through a Favorable Opinion Letter dated June 30, 2020.

11. David I. Grindley and Jonathan H. Williams, both Members and Trustees, signed and caused the Trust to be executed on January 7, 2022.

12. Based on the company's Restated Adoption Agreement, "To the extent that a Participant's Account is subject to the survivor annuity rules of Section 7.10, the spouse of a married Participant shall be the beneficiary of (not less than 50%) __% of such Participant's Account unless the spouse waives his or her rights to such benefit pursuant to Section 7.10 (Section 7.4)."

13. The beneficiary designation for the 401(k) Plan at issue was still in effect at the Decedent's death, and his former wife, X, was the primary beneficiary.

14. Decedent signed and dated the John Hancock Enrollment Form on October 9, 2017 naming X as sole beneficiary.

15. Decedent was married to his current wife, Y, for two days before he died.

16. Though divorced from X, the beneficiary designation was never changed.

17. X and Y are both claiming Decedent's 401(k) survivor benefit of $28,000, and Plaintiff is required to follow the terms of the Plan.

## INTERPLEADER PROPER TO DISPUTED CLAIMS

18. With respect to the Disputed Funds, Grindley Williams is a disinterested stakeholder.

19. Grindley Williams does not know to which of said Defendants is entitled to the Disputed Funds.

20. Grindley Williams has a real and reasonable fear of liability or conflicting claims directed against the Disputed Funds and is not in the position to safely determine which party's claim to the Disputed Funds is meritorious without great hazard and multiple liability.

21. Under the provisions of the Federal Rules of Civil Procedure, Rule 22, Grindley Williams is entitled to join all persons asserting claims against the Disputed Funds in a single proceeding so that Grindley Williams may avoid duplicative litigation and the possibility of multiple or inconsistent liability on the adverse and conflicting claims of the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Grindley Williams prays for the following judgment:

a) That Grindley Williams may continue to freeze the Disputed Funds until otherwise directed by the Court;

b) Defendants be required to interplead and assert in this proceeding and settle between themselves any and all claims which each or any of them have to the Disputed Funds and that Grindley Williams be discharged from all liability relating to such benefits except to the party or parties whom the Court shall judge entitled to the Disputed Funds and then only to the extent of the Disputed Funds frozen by Grindley Williams;

c) The Court adjudge which Defendant is entitled to recover said property in whole or in part;

      d)      Plaintiff be discharged from all liability in the premises except to the person whom the Court shall adjudge entitled to said property; and

      e)      Plaintiff recover its costs.

Dated: September 6, 2022

                Respectfully submitted,

                /s/ David P. Steffen
                Michael D. Malfitano, Esq., FBN 188247
                Primary email:  mmalfitano@constangy.com
                David P. Steffen, Esq., FBN 0154717
                Primary email:  dsteffen@constangy.com
                CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
                100 North Tampa Street, Suite 3350
                Post Office Box 1840
                Tampa, Florida 33601-1840
                (813) 223-7166 / Fax: (813) 223-2515
                Attorneys for Plaintiff